IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RAYMOND BOSWELL,                )
                                )
        Plaintiff,               )
                                )
v.                               )    Case No. CIV-10-073-RAW
                                )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                )
        Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff Raymond Boswell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 15, 1964 and was 45 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a telemarketer. Claimant originally alleged an inability to work beginning July 1, 2000. Claimant subsequently amended his onset

3

date to December 1, 2006 due to limitations caused by back and neck pain, degenerative disc disease, and headaches.

## Procedural History

On January 8, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 20, 2009, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On August 19, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On January 22, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as a telemarketer. The ALJ also found Claimant could perform a full range of sedentary work.

4

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to engage in a proper credibility determination; and (2) to consider all of Claimant's impairments in his RFC assessment.

**Credibility Determination**

Claimant asserts the ALJ improperly rejected his testimony as not credible. On April 17, 2003, Claimant underwent an x-ray after complaining of neck pain and headaches. The x-ray showed moderate degenerative disc disease at the C-3 interspace. The vertebral body heights and intervertebral disc spaces were normal. (Tr. 193). On August 7, 2003, Claimant was referred for pain management, complaining of severe head and neck pain. He was under the care of Dr. George S. Alhaj. Claimant reported a pain score of 9 out of 10. Activities such as carrying groceries, personal grooming, and riding in a car were moderately limited. (Tr. 186). Dr. Alhaj noted flattening of the cervical curvature with pain by range of motion of the cervical spine in all directions with limitation of motion because of the pain. (Tr. 187). Claimant was diagnosed with chronic history of neck pain and cervicogenic headache and cervicalgia. He also had significant myofascial disease over the musculature of the neck with a few trigger points identified. Dr. Alhaj found Claimant had cervical facet disease in

5

the right side. Claimant received trigger point injections which were effective. (Tr. 187-89). On September 11, 2003, Claimant estimated the pain at 6 out of 10. Another trigger point injection was provided. (Tr. 183-84).

From August of 2006 throughout 2007, Claimant complained of frequent headaches. Neck pain was determined to be the source of the headaches. Claimant was prescribed medication. (Tr. 234-60).

Claimant was also diagnosed with chronic neck pain with radiculopathy and migraines in August of 2006. (Tr. 234). In January of 2007, Claimant's neck pain brought about vision problems. (Tr. 240). Claimant continued to suffer neck and back pain described as "stabbing" between his shoulders which radiated into his legs and caused tingling in his hands. (Tr. 241, 248, 260).

On March 27, 2008, Claimant rated the pain in his back as 7 out of 10. (Tr. 256). On July 15, 2008, an MRI showed straightening of the cervical spine with minimal 2-3 mm anterolisthesis and retroisthesis at most upper levels probably related to multiple level degenerative changes. The disc space between C3-4 was severely narrowed with moderate to severe left foraminal stenosis at C3-4 with mild narrowing of the right neural foramen but no cord compression. Mild to moderate neural foraminal

narrowing was noted at C4-5. (Tr. 271).

On May 16, 2007, Claimant underwent a consultative evaluation by Dr. Chris Vassiliou. An examination of his neck demonstrated decreased range of motion on all planes. His deep tendon reflexes were 2+ and symmetrical in both upper and lower extremities. Grip strength was 3/5 bilaterally. Claimant experiences paresthesias in all fingers of both hands. Upper and lower extremity strength is 5/5 bilaterally. Claimant could perform toe to heel walk normally, however, needed assistance holding the table to balance himself. (Tr. 204). Straight leg raising was positive bilaterally in the seated and supine positions, complaining of shooting pain into his lower extremity when performing the examination. Claimant ambulated in a safe and stable but slow gait without the use of any assistive devices. Dr. Vassiliou diagnosed Claimant with degenerative disc disease, lower lumbar and cervical spine pain post auto accident in 2000, and polycythemia. (Tr. 205).

On June 26, 2007, a Physical Residual Functional Capacity Assessment form was completed on Claimant by Dr. Luther Woodcock. He determined Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours out of an 8 hour workday, sit for about 6 hours in an 8 hour workday, unlimited pushing and/or pulling. (Tr. 211).

In his decision, the ALJ determined Claimant suffered from the severe impairment of degenerative spine disease. (Tr. 13). He further found Claimant retained the RFC to perform sedentary work with the exception of only occasionally stooping, crouching, crawling, kneeling, balancing, and climbing stairs and ladders. (Tr. 15). The ALJ also found Claimant could work in his past relevant job as a telemarketer which was established as light work by the vocational expert. (Tr. 19).

With regard to Claimant's credibility, the ALJ determined Claimant's allegations of disabling pain and limitations were not supported by the medical record. No medical evidence indicated that Claimant's physical impairments were worsening. The ALJ found Claimant had never sought the services of a specialist and his treating physician did not offer any specific opinion on the nature and extent of Claimant's impairments. No neurological deficits were noted. Claimant's treating physician never required diagnostic testing or referral to another physician for further exploration of Claimant's symptoms. The ALJ found support in this position through the findings of Dr. Vassiliou. He also found Claimant's headaches were controlled with medication. Claimant did not seek physical therapy or alternative treatment for pain. His daily activities also support something less than debilitating

8

pain. (Tr. 18).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ accurately assessed Claimant's claims of

pain and limitations in light of the medical record available to him. The ALJ offered ample evidence of inconsistencies in the medical record and Claimant's assertions of pain and limitation. This Court finds no deficiencies in his analysis which would warrant reversal.

### Consideration of All Impairments in RFC Evaluation

Claimant also asserts the ALJ did not adequately consider his headaches and their associated limitations. The evidence indicates Claimant's headaches were largely treated with medication. (Tr. 235). An RFC assessment may be based upon all relevant evidence, including the effects of treatment. Soc. Sec. R. 96-8p. Other limitations experienced by Claimant, including decreased range of motion in his back and neck observed by Dr. Vassiliou would not preclude sedentary work. Accordingly, this Court finds the ALJ adequately considered all of Claimant's impairments in his RFC evaluation.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given

fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE